James A. Santucci, WSBA #7393
The Lanz Firm, P.S.
AGC Bldg., Suite 809
1200 Westlake Avenue North
Seattle, WA 98109
Telephone: (206) 382-1827
Facsimile:  (206) 682-5288
Email: jasantucci@thelanzfirm.com

Judge:    Thomas T. Glover
Chapter: 7
Location: Seattle

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | | |
|---|---|---|
| In Re: | ) | Case Number: 10-14343-TTG |
| | ) | |
| InMediaRes Productions, LLC, | ) | ANSWER AND AFFIRMATIVE DEFENSES |
| | ) | OF INMEDIARES PRODUCTIONS, LLC |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |

COMES NOW, InMediaRes Productions, LLC, a Washington limited liability company, also doing business as Catalyst Game Labs (collectively "IMR"), by way of answer and objection to the involuntary petition herein which was filed on April 19, 2010, does allege and state as follows:

## I. ANSWER AND OBJECTION TO INVOLUNTARY PETITION

1.   IMR admits that the petition bears the correct business address, and that the "INFORMATION REGARDING DEBTOR" and "VENUE" are accurate.

2.   IMR denies that the alleged creditors are eligible to file this petition pursuant to 11 USC § 303(b), each of Petitioner's claims are subject to a bona fide dispute.

3.   Pursuant to 11 USC § 303 (b), each Petitioner must present a prima facie case showing the debt being asserted is not subject to a bona fide dispute. None of the Petitioning

ANSWER AND AFFIRMATIVE DEFENSES OF INMEDIARES
PRODUCTIONS, LLC
F:\JAS:\InMediaRes Productions\Answer and Affirmative Defenses        - 1.

**THE LANZ FIRM, P.S.**
LAWYERS
SUITE 809 • AGC BUILDING
1200 WESTLAKE AVENUE NORTH
SEATTLE, WA  98109
(206) 382-1827 • FAX (206) 682-5288

Case 10-14343-TTG    Doc 4    Filed 05/17/10    Entered 05/17/10 15:13:42    Page 1 of 5

Creditors has done so.

4. IMR admits that it is a legal entity against which an order for relief may be entered against it under Title 11 of the United States Code but denies that the petitioning Creditors are eligible creditors under § 303(b), and further denies that the petitioning Creditors have alleged or can prove the facts under which relief can be granted pursuant to §303 (h).

5. IMR denies that is not generally paying its debts as they come due.

6. The Petitioning Creditors have used this involuntary proceeding as a means of effecting a pre-judgment garnishment Debtor IMR assets without the prerequisite proof or protections under state and federal law relating to such pre-judgment seizures.

## II. AFFIRMATIVE DEFENSES

### First Affirmative Defense

7. The petition for involuntary bankruptcy fails for lack of subject-matter jurisdiction, in that one or more of Petitioners are not entitled to the benefits of Code nor to the involuntary petition.

### Second Affirmative Defense

8. Petitioner's fail to state a claim upon which relief can be granted in that one or more of Petitioners are not entitled to the benefits of Code nor to the involuntary petition.

### Third Affirmative Defense

9. The Petition is false, misleading and/or in bad faith, including but not limited to, the following:

(a) J.P. Sugarbroad alleges to have done work as an independent contractor. Every independent contractor for IMR signs an employment agreement with IMR that allows for payment at the conclusion of the contractor's work. The agreement also acknowledges that when

ANSWER AND AFFIRMATIVE DEFENSES OF INMEDIARES PRODUCTIONS, LLC
F:\JAS:\InMediaRes Productions\Answer and Affirmative Defenses - 2.

**THE LANZ FIRM, P.S.**
LAWYERS
SUITE 809 • AGC BUILDING
1200 WESTLAKE AVENUE NORTH
SEATTLE, WA 98109
(206) 382-1827 • FAX (206) 682-5288

Case 10-14343-TTG    Doc 4    Filed 05/17/10    Entered 05/17/10 15:13:42    Page 2 of 5

paid, the contractor releases any proprietary claim to the work accomplished on behalf of IMR.

IMR has no complete record as to what Sugarbroad did, what he was to be paid, and whether the amounts claimed are appropriate or not. Sugarbroad was apparently hired by IMR's former operations manager, David Stansel, who left IMR three months ago, taking with him various records in electronic form, leaving no electronic copy or hard copy for IMR. IMR has been attempting to reconstruct records and can find no employment agreement for Sugarbroad.

Even though there is lack of documentation as to amounts owed, and prior to this involuntary petition for bankruptcy, IMR offered to pay Sugarbroad the approximate $2,900 requested. IMR only requested that Sugarbroad sign the standard employment form which releases any proprietary claim to the work done, the same as all other independent contractors and employees. IMR cannot find a signed agreement for Sugarbroad on file.

That Sugarbroad will not sign his employment contract for payment, and now claim he is not being paid, is false, misleading and in bad faith.

(b) <u>Paul Stansel</u>, is the father of David Stansel, the former operations manager, as referenced above. Paul Stansel provided a $20,000 revolving line of credit to IMR pursuant to a document entitled "Contract for Investment in InMediaRes Productions, LLC," dated July 17, 2007. The funds were to be used for capital development on behalf of IMR. The proceeds were used for that purpose. IMR made interest payments on a monthly basis.

There is NO DUE DATE, on the contract. It does provide that interest will be paid so long as the investment is held. Stansel still holds the investment. Initially, the note called for interest only payments at 30% per annum. After a year, Paul Stansel agreed to drop the interest rate to 15% per annum. This cut the monthly interest payment in half from $500 to $250.

ANSWER AND AFFIRMATIVE DEFENSES OF INMEDIARES PRODUCTIONS, LLC
F:\JAS:\InMediaRes Productions\Answer and Affirmative Defenses   - 3.

**THE LANZ FIRM, P.S.**
LAWYERS
SUITE 809 • AGC BUILDING
1200 WESTLAKE AVENUE NORTH
SEATTLE, WA 98109
(206) 382-1827 • FAX (206) 682-5288

Case 10-14343-TTG   Doc 4   Filed 05/17/10   Entered 05/17/10 15:13:42   Page 3 of 5

After the his son, David Stansel, left IMR in February, 2010, Paul Stansel agreed to keep the loan in place, unaffected by his son's departure. Later, he indicated that he would like for his principal loan to be paid back. `

In early 2010, a payment schedule was agreed upon whereby $959 month was being paid for both principal and interest, on a contract that called for interest only with no due date. IMR was accommodating Paul Stansel's request to work on returning the principal amount of the loan. In addition to monthly amortization payments of principal and interest, IMR would pay additional amounts when it could.

(c) <u>Wildfire, LLC</u> terminated its contract with IMR in April, 2010. Thereafter, on April 19, 2010 IMR wrote a check in the amount of $10,000 and deposited it in the mail that day. Wildfire, LLC received and cashed the check toward its royalty payment. Any claimed balance by Wildfire, LLC is disputed. With this last check, IMR's final accounting finds that Wildfire, LLC has been overpaid on what was owed. Wildfire, LLC seeks to liquidate an otherwise viable company over a claimed balance, that it has been overpaid on.

It takes some time for the creditors to prepare a matter of this nature and to coordinate three creditors in separate states. It is apparent the Wildfire, LLC planned to terminate with IMR and attempt to put it in an involuntary bankruptcy immediately thereafter. The motivation is suspect as Wildfire. LLC has been paid.

The Wildfire, LLC claim is disputed as to amount. Wildfire was paid as of the date of this petition.

ANSWER AND AFFIRMATIVE DEFENSES OF INMEDIARES PRODUCTIONS, LLC
F:\JAS:\InMediaRes Productions\Answer and Affirmative Defenses   - 4.

**THE LANZ FIRM, P.S.**
LAWYERS
SUITE 809 • AGC BUILDING
1200 WESTLAKE AVENUE NORTH
SEATTLE, WA 98109
(206) 382-1827 • FAX (206) 682-5288

Case 10-14343-TTG   Doc 4   Filed 05/17/10   Entered 05/17/10 15:13:42   Page 4 of 5

## III. PRAYER FOR RELIEF

WHEREFORE, having answered the petition, IMR prays for judgment as follows:

1. Dismissal with prejudice of the petition for involuntary bankruptcy;

2. Upon dismissal, awarding judgment in favor of IMR against each Petitioner, joint and severally, for its reasonable attorney fees and costs incurred herein pursuant to 11 USC § 303 (i)(1);

3. Upon dismissal, awarding judgment in favor of IMR against each Petitioner, joint and severally, for IMR's damages proximately caused by the filing of this involuntary bankruptcy petition or for punitive damages pursuant to 11 USC § 303 (i)(2); and

4. IMR expressly reserves the right to seek all damages as may be appropriate upon dismissal of the petition.

5. For such further relief as the court deems just and equitable and otherwise allowed under USC Title 11;

Dated this 17th day of May, 2010.

Respectfully submitted,

*/s/  James A. Santucci*
James A. Santucci,
WSBA #7393
The Lanz Firm, P.S.
AGC Bldg., Suite 809
1200 Westlake Avenue North
Seattle, WA 98109
Ph: (206) 382-1827, Fax: (206) 682-5288
Email: jasantucci@thelanzfirm.com

ANSWER AND AFFIRMATIVE DEFENSES OF INMEDIARES PRODUCTIONS, LLC
F:\JAS:\InMediaRes Productions\Answer and Affirmative Defenses          - 5.

**THE LANZ FIRM, P.S.**
LAWYERS
SUITE 809 • AGC BUILDING
1200 WESTLAKE AVENUE NORTH
SEATTLE, WA  98109
(206) 382-1827 • FAX (206) 682-5288

Case 10-14343-TTG    Doc 4    Filed 05/17/10    Entered 05/17/10 15:13:42    Page 5 of 5