James A. Santucci, WSBA #7393
The Lanz Firm, P.S.
AGC Bldg., Suite 809
1200 Westlake Avenue North
Seattle, WA 98109
Telephone: (206) 382-1827
Facsimile: (206) 682-5288
Email: jasantucci@thelanzfirm.com

Judge:    Thomas T. Glover
Chapter:  7
Location: Seattle
Date: May 21, 2010
Time: 9:30 a.m.

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| INMEDIARES PRODUCTIONS, *dba* CATALYST GAME LABS,<br><br>Debtor. | Case Number: 10-14343-TTG<br><br>RESPONSE TO MOTION FOR ORDER OF RELIEF IN INVOLUNTARY PROCEEDING |

Debtor, InMediaRes Productions, *d/b/a* Catalyst Game Labs ("IMR") by and through its attorney, James A. Santucci, and The Lanz Firm, P.S. responds to the alleged creditor's "Motion For Entry of Order For Relief in Involuntary Proceedings, as follows:

## Combined Time Line and Argument

The following facts are straightforward. The Petitioner's to this involuntary bankruptcy filed and then served the summons and petition by mail. The Debtor filed its Answer and Affirmative Defenses contesting the petition and viability of the Petitioners as creditors to this

RESPONSE IN OPPOSITION TO MOTION FOR ORER OF RELIEF
G:\LETTER\JAS\Inmediares Productions\Response to Motion For Relief.docResponse to Motion for Relief

PAGE 1

The Lanz Firm, P.S.
Suite 809, AGC Building
1200 Westlake Avenue North
Seattle, WA  98109
206-382-1827  FAX 206-682-5288

Case 10-14343-TTG    Doc 14    Filed 05/21/10    Entered 05/21/10 07:35:45    Page 1 of 6

involuntary bankruptcy action.

**April 19, 2010:**

The Petitioners herein filed their Involuntary Petition with the Court under the above cause number.

**April 20, 2010:**

The Clerk of the Court issued its "Summons To Debtor." for the Creditors to serve upon the Debtor. The text of the Summons requires the Debtor to submit a motion or answer to the petition <u>within 21 days after service of this summons.</u> The underlined emphasis is provided by the Court.

Additionally, Bankruptcy Rule 1011 Responsive Pleading or Motion in Involuntary Cross-Border Cases states:

**BK Rule 1011(b) Defenses and Objections; When Presented**. States:

Defenses and objections to the petition shall be presented in the manner prescribed by Rule 12 F. R. Civ. P. and shall be filed and served within ~~20 days~~ 21days <u>after service of the summons.</u> (emphasis added)

The above reference to F.R. Civ. P Rule 12 also prescribes:

**(a) Time to Serve a Responsive Pleading**.

(1) *In General*. Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

    (A) A defendant must serve answer;

        (i) <u>within 21 days after being served with the summons and complaint</u>
            (emphasis added)

In this instance, the Summons, Bankruptcy Rule 1011 and F.R. Civ. P Rule 12 mandate that the Debtor respond with 21 days after being served with the summons and complaint.

RESPONSE IN OPPOSITION TO MOTION FOR ORER OF RELIEF
G:\LETTER\JAS\Inmediares Productions\Response to Motion For Relief.docResponse to Motion for Relief

PAGE 2

The Lanz Firm, P.S.
Suite 809, AGC Building
1200 Westlake Avenue North
Seattle, WA 98109
206-382-1827 FAX 206-682-5288

Case 10-14343-TTG    Doc 14    Filed 05/21/10    Entered 05/21/10 07:35:45    Page 2 of 6

**April 21, 2010**

The Creditors served the summons and involuntary petition by mail, not by personal service, on this day. This method of service is confirmed in Petitioner's "Declaration of Service" through Marti J. Munhall, which declares that she caused to be served true and correct copies of the Summons and Involuntary Petition via U.S. Mail , both "regular" and "certified" on April 21, 2010.

**Bankruptcy Rule 9006 Computing and Extending Time:**

**(e) TIME OF SERVICE**. Service of process and service of any other paper other than process or of notice by mail is complete on mailing.

In this instance, the mailing on April 21, 2010 of the Summons and Involuntary Petition completed service upon the Debtor.

**April 22, 2010**

April 22, 2010 is the first day to commence counting the 21 days within which to file a motion or answer.

**Amended Local Bankruptcy Rule 9006-1 TIME COMPUTATION**

**Time for Service Excluded.** All time computations prescribed or allowed by these Rules EXCLUDE the time required for service, unless otherwise specified. (Note that the Fed. R. Bankr. P. 9006 (a) counts every day, including intermediate Saturdays, Sundays and Holidays.)

All days are to be counted commencing April 22, 2010.

**May 12, 2010**

May 12, 2010 is a Wednesday and the 21st day after service. This is the presumptive initial last day to file a motion or answer. However, said date is extended 3 days since the Creditors served the summons and involuntary petition by mail, and not personal service.

RESPONSE IN OPPOSITION TO MOTION FOR ORER OF RELIEF
G:\LETTER\JAS\Inmediares Productions\Response to Motion For Relief.docResponse to Motion for Relief

PAGE 3

The Lanz Firm, P.S.
Suite 809, AGC Building
1200 Westlake Avenue North
Seattle, WA 98109
206-382-1827 FAX 206-682-5288

**Federal Bankruptcy Rule 9006 Computing and Extending Time:**

**(f) ADDITIONAL TIME AFTER SERVICE BY MAIL OR UNDER RULE 5(b)(2)(D), (E), or (F) F. R. Civ. P.**

When there is a right or requirement to act or undertake some proceeding within a prescribed period after service and that service is by mail or under ~~Rule b(b)(2)(C) or (D)~~ 5(b)(2)(D),(E), or (F) F.R.Civ. P., three days are added after the prescribed period would expire under Rule 9006 (a).

The last day to initially respond is Wednesday, May 12, 2010. With three days added because of Creditors service by mail, the response date was extended to Saturday, May 15, 2010.

## **May 15, 2010**

May 15, 2010 is a Saturday. Again, the presumptive last date to respond. However, the last day being on a Saturday, Sunday or legal holiday moves the responsive date forward to the next court day, Monday.

**Federal Bankruptcy Rule 9006 Computing and Extending Time:**

**(a) Computing Time**. The following rules apply in computing time any time period specified in these rules, in the Federal Rules of Civil Procedure, in any local rule or court order, or in any statute that does not specify a method for computing time.

(1) Period stated in days or longer unit. When the period is stated in days or longer unit of time:

(A) exclude the day of the event that triggers the period:
(B) count every day, including Saturdays, Sundays, and legal holidays; and
(C) include the last day of the period, but if the last day is a Saturday, Sunday or legal holiday, the period continues to run to the end of the next day that is not a Saturday, Sunday or legal holiday

The day that triggered the Debtor's period 21 day response period is the April 21, 2010 date of service by mail and is excluded from the computation of time.

RESPONSE IN OPPOSITION TO MOTION FOR ORER OF RELIEF
G:\LETTER\JAS\Inmediares Productions\Response to Motion For Relief.docResponse to Motion for Relief

PAGE 4

The Lanz Firm, P.S.
Suite 809, AGC Building
1200 Westlake Avenue North
Seattle, WA 98109
206-382-1827 FAX 206-682-5288

Case 10-14343-TTG    Doc 14    Filed 05/21/10    Entered 05/21/10 07:35:45    Page 4 of 6

When the 21 days together with the 3 day extension for mailing ends on Saturday, the period to respond and file an Answer runs to the end of the next day that is not a Saturday, Sunday or holiday.

**May 17, 2010**

May 17, 2010 is the final due date for the Debtor to file an answer or motion. The Answer had been prepared and was filed on the last day allowed by these rules.

### Argument

Per the above outline and analysis, the Debtor filed its answer within the allotted time.

Even if the Court considers a different position as to the timeliness of the filing, taking into account all relevant circumstances surrounding the filing of this Answer, which include danger of prejudice to the Debtor, length of delay and its potential impact on judicial proceedings, reason for delay, including whether it was within reasonable control of the Debtor, and whether the Debtor acted in good faith are reasons for consideration per Bankruptcy Rule 9006 (b)(1)., Debtor acted in good faith and did not delay these proceedings.

11 USC §105 gives the court broad equitable power to prevent an "abuse of process". See, 11 USC 105 and Bankruptcy Rule 9024. which disallowing Debtor's Answer would be.

As the case cited by Petitioners <u>Marvin J. Dahl v. Ross Key (in re Ross Key)</u> 209 B.R. 737 (10th Cr.BAP 1997) suggests that a petition not timely controverted will cause an order for relief to issue. Upon review of said case, the debtor in that case filed its Answer 18 days late and did not attempt to comply with filing guidelines. Clearly that is not case here.

RESPONSE IN OPPOSITION TO MOTION FOR ORER OF RELIEF
G:\LETTER\JAS\Inmediares Productions\Response to Motion For Relief.docResponse to Motion for Relief

PAGE 5

The Lanz Firm, P.S.
Suite 809, AGC Building
1200 Westlake Avenue North
Seattle, WA 98109
206-382-1827 FAX 206-682-5288

Case 10-14343-TTG    Doc 14    Filed 05/21/10    Entered 05/21/10 07:35:45    Page 5 of 6

## Conclusion

The Debtor was served by mail on April 21, 2010. The computation of the 21 day response period commenced April 22, 2010 and ended on Wednesday, May 12, 2010 (Day 21).

Service by mail under Bankruptcy Rule 9006 (f) enlarges the time to respond by adding three (3) days. In this case, the additional three days puts the last day to respond on Saturday, May 15, 2010.

It is also allowed under Bankruptcy Rule 9006 (a), that when the last day to respond happens upon a Saturday, Sunday or legal holiday, the time to respond moves to the next following day that is not a Saturday, Sunday or legal holiday. In this instance, Monday, May 17, 2010 was the next and last day for Debtor file its answer. Debtor did so and timely controverted the petition within the directives of the Summons, Bankruptcy Rules and Federal Civil Rules.

Debtor has acted in good faith in advancing this matter.

The Motion for Relief requested by the Creditors must be denied.

DATED this 21st day of May, 2010.

             THE LANZ FIRM, P.S.:

             By: \s\ *James A. Santucci*
               James A. Santucci, WSBA #7393
               Attorney for Debtor

               Suite 809, AGC Building
               1200 Westlake Avenue North
               Seattle, Washington 98109
               (206) 382-1827 - Telephone
               (206) 682-5288 - Facsimile

RESPONSE IN OPPOSITION TO MOTION FOR ORER OF RELIEF
G:\LETTER\JAS\Inmediares Productions\Response to Motion For Relief.docResponse to Motion for Relief

PAGE 6

The Lanz Firm, P.S.
Suite 809, AGC Building
1200 Westlake Avenue North
Seattle, WA 98109
206-382-1827 FAX 206-682-5288

Case 10-14343-TTG Doc 14 Filed 05/21/10 Entered 05/21/10 07:35:45 Page 6 of 6